# NOS. 12-12-00333-CR
# 12-12-00334-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARMEL MITCHELLE FOSTER,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Carmel Mitchelle Foster appeals her two convictions for practicing medicine without a license. In one issue, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs in each case. We affirm the trial court's judgment in cause number 12-12-00333-CR. We modify the judgment and affirm as modified in cause number 12-12-00334-CR.

### BACKGROUND

A Smith County grand jury charged Appellant by two separate indictments with the offense of practicing medicine without a license.[1] Appellant pleaded guilty in both cases without an agreement on punishment. The trial court found Appellant guilty in one case, sentenced her to eight years of imprisonment, and assessed a $10,000.00 fine. In the other case, the trial court found Appellant guilty, sentenced her to ten years of imprisonment, assessed a $10,000.00 fine, and ordered restitution in the amount of $9,270.31. The trial court ordered that court costs be paid in each case.

---

[1] *See* TEX. OCC. CODE ANN. § 165.152(a) (West 2012).

The judgment of conviction in both cases assessed the amount of court costs, but at the time they were signed, a bill of costs was not filed in the record for either case. After Appellant filed her brief, the record was supplemented with a bill of costs in both cases.

## SUPPLEMENTATION OF THE RECORD

The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006). When a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record with a bill of costs pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c)(1); TEX. CODE CRIM. PROC. ANN. art. 103.006; *Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *1 (Tex. App.—Tyler June 19, 2013, no pet. h.) (not yet released for publication); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994 at *1 (Tex. App.—Tyler June 19, 2013, no pet. h.) (not yet released for publication). Supplementation of the record is not appropriate, however, to provide evidence of a defendant's ability to pay attorney's fees. *See id.* at *2 (citing *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)).

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In her sole issue, Appellant contends that the trial court erred by "imposing court costs not supported by the . . . bill of costs and by ordering that the same be withdrawn from [her] inmate trust account." She argues that because we cannot determine from the record the basis of the court costs imposed, we "should modify the trial court's judgment to delete any unsupported costs." Because the record has been supplemented in each case to include a bill of costs, we review Appellant's issue as a challenge to the sufficiency of the evidence.[2]

### Standard of Review

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

---

[2] Appellant argues that the withdrawal order is not valid because it was issued without ensuring her right to due process. As a result, Appellant argues that she has no way to "challenge whether the costs were correctly assessed." We need not discuss the alleged due process violation because the records were supplemented with a bill of costs. *See* TEX. R. APP. P. 47.1.

We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer*, 309 S.W.3d at 557; *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication) .

**Applicable Law**

A judgment shall "adjudge the costs against the defendant, and order the collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.*; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).[3] Once a criminal defendant has been determined to be indigent, she is "presumed to remain indigent for the remainder of the proceedings . . . unless a material change in [her] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). Thus, the trial court must determine that the defendant has the financial resources to enable her to offset in part or in whole the costs of the legal services provided, and that determination must be supported by some factual basis in the record. *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.); *see also* *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.). If there is no determination of a defendant's ability to pay that is supported by the record, the evidence is insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146.

**Discussion**

In cause number 12-12-00333-CR, the judgment of conviction reflects that the trial court assessed $274.00 in court costs and a $10,000 fine. The judgment includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $10,274.00. The bill of costs

---

[3] Article 26.05 provides,

> If the court determines that a defendant has financial resources that enable [her] to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).

itemizes the fine and the court costs imposed, which total $10,274.00. This reflects the amounts assessed in the judgment of conviction and its attachment. We have reviewed each of the fees listed in the bill of costs. All fees are authorized by statute. [4] Accordingly, the evidence is sufficient to support the trial court's assessment of $274.00 in court costs in cause number 12-12-00333-CR. We overrule Appellant's sole issue as it pertains to cause number 12-12-333-CR.

In cause number 12-12-00334-CR, the judgment of conviction reflects that the trial court assessed $574.00 in court costs, a $10,000 fine, and $9,270.31 in restitution. The judgment includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $19,844.31. The bill of costs itemizes the fine and the court costs imposed, which total $10,574.00. This reflects the amount of court costs and the fine assessed in the judgment of conviction and the attachment. We have reviewed each fee listed in the bill of costs.

In addition to the costs imposed in cause number 12-12-00333-CR, the bill of costs in cause number 12-12-00334-CR imposes $300.00 in attorney's fees. The State concedes that the assessment of attorney's fees in cause number 12-12-00334-CR is improper. The record shows that the trial court made two separate findings of Appellant's indigence—by appointing counsel to represent Appellant before her guilty plea and by appointing appellate counsel after her guilty plea. There is no evidence in the record that Appellant's financial circumstances materially changed after the trial court determined that she was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). There is no determination by the trial court that Appellant has the financial resources which enable her to offset in whole or in part the costs of the legal services provided. *See* ***Wolfe***, 377 S.W.3d at 144. Consequently, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); ***Mayer***, 309 S.W.3d at 553; ***Wolfe***, 377 S.W.3d at 146. The evidence, however, is sufficient to support the imposition of $274.00 in court costs. Appellant's sole issue on appeal is sustained in part as it pertains to cause number

---

[4] The bill of costs for cause number 12-12-00333-CR includes a jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, arrest fee (commit and release), technology fee, courthouse security, consolidated court fees, judiciary fund state, judiciary fund county, and indigent defense court cost. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005 (a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. arts. 102.011(a)(2), (6); 102.0169(a); 102.017(a) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

12-12-00334-CR.

**DISPOSITION**

Having overruled Appellant's sole issue as it pertains to cause number 12-12-00333-CR, we *affirm* the judgment of the trial court and its attachment in that cause number. *See* TEX. R. APP. P. 43.2(a).

Having sustained Appellant's sole issue in part in cause number 12-12-00334-CR, we modify the trial court's judgment to reflect that the amount of court costs is $274.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $19,544.31. *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00334-CR. *See* TEX. R. APP. P. 43.2(b).

**SAM GRIFFITH**
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NO. 12-12-00333-CR

**CARMEL MITCHELLE FOSTER,**

Appellant

V.

**THE STATE OF TEXAS,**

Appellee

---

Appeals from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0398-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NO. 12-12-00334-CR

**CARMEL MITCHELLE FOSTER,**

Appellant

V.

**THE STATE OF TEXAS,**

Appellee

---

Appeals from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0399-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $274.00; that Attachment A should be modified to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $19,544.31; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

7

# THE STATE OF TEXAS
# M A N D A T E
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 7TH DISTRICT COURT of SMITH COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 25th day of June, 2013, the cause upon appeal to revise or reverse your judgment between

**CARMEL MITCHELLE FOSTER, Appellant**

**NO. 12-12-00333-CR; Trial Court No. 007-0398-12**

Opinion by Sam Griffith, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK

By:_____
    Deputy Clerk