# NO. 12-13-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JANICE LACK,* <br> *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Janice Lack appeals her conviction for the offense of interference with child custody. She raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with the state jail felony offense of interference with child custody.[1] On June 8, 2012, Appellant pleaded guilty to the offense. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a period of five years.

The State filed an application to proceed to final adjudication, which was amended on January 18, 2013. Appellant pleaded "true" to seven of the State's nine allegations. The trial court found seven of the nine allegations to be "true," revoked Appellant's community supervision, and adjudicated Appellant guilty of the offense of interference with child custody. The trial court assessed punishment at two years of confinement without a fine and ordered court costs to be paid.

---

[1] *See* TEX. PENAL CODE ANN. § 25.03 (West Supp. 2012).

While on community supervision, Appellant paid towards the balance of the court costs imposed in the trial court's order of deferred adjudication. The judgment adjudicating guilt assessed $284.00 in court costs. The bill of costs shows that the original amount of court costs is $284.00, but that the remaining balance was actually $164.00.

SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In her sole issue, Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from her inmate trust account.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication).

**Discussion**

The judgment adjudicating guilt assessing $284.00 in court costs also includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $284.00.

Appellant contends, and the State concedes, that the trial court's judgment and withholding order should be modified to reflect court costs in the amount of $164.00. We have reviewed the items listed in the bill of costs, and all listed costs and fees are authorized by statute. Because some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $284.00 in court costs as reflected in its judgment adjudicating guilt and withholding order. *See, e.g.*, *Muller v. State*, No. 12-12-00269-CR, 2013 WL 3243522, at *2-3 (Tex. App.—Tyler June 25,

2

2013, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect payment of properly assessed costs); ***Johns v. State***, Nos. 07-10-0303-CR, 07-10-0304-CR, 2011 WL 832837, at *2 (Tex. App.—Amarillo Mar. 10, 2011, pet. ref'd) (mem. op., not designated publication) (modifying judgment to reflect that payment of properly assessed costs were paid in full). The evidence is sufficient, however, to support the imposition of $164.00 in court costs. Accordingly, we sustain Appellant's sole issue on appeal.

## DISPOSITION

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment to reflect that the amount of court costs is $164.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $284.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $164.00. *See* ***Ballinger v. State***, No. 12-12-00280-CR, 2013 WL 3054935, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). We ***affirm*** the judgment of the trial court ***as modified***. *See* TEX. R. APP. P. 43.2(b).

### SAM GRIFFITH
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C. J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-13-00052-CR

**JANICE LACK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No.114-0453-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to reflect that the amount of court costs is $164.00. We also modify Attachment A to delete the assessment of $284.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $164.00; **and as modified**, the judgment of the trial court is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4