# NO. 12-12-00280-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *COLBY RAY BALLINGER,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *OPINION*

Colby Ray Ballinger appeals his conviction for the felony offense of aggravated sexual assault of a child. Appellant raises two issues on appeal relating to the imposition of court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child, a first degree felony,[1] and pleaded guilty to that offense on December 15, 2009. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for five years.[2] The trial court's order of deferred adjudication assessed $205.00 in court costs.

The State filed an application to proceed to final adjudication on July 16, 2012.[3] Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (a)(1)(B)(i) (West Supp. 2012).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2012).

[3] This was the State's second application to proceed to final adjudication. The trial court denied the State's first application, amended Appellant's conditions of community supervision, and ordered Appellant to serve ninety days in jail.

1

pleaded "true" to the State's allegations. The trial court found the allegations to be "true," revoked Appellant's community supervision, and adjudicated Appellant guilty of aggravated sexual assault of a child. The trial court assessed punishment at twenty years of imprisonment without a fine and ordered court costs to be paid. After pronouncing his sentence, the trial court continued its "finding of indigence" and appointed counsel to represent Appellant on appeal.

The judgment adjudicating guilt assessed $505.00 in court costs. At that time, the certified bill of costs was not in the record. After Appellant filed his brief, the district clerk supplemented the record to include a bill of costs.

## SUPPLEMENTATION OF THE RECORD

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). The rules of appellate procedure permit supplementation of the clerk's record "[i]f a relevant item has been omitted." *See* TEX. R. APP. P. 34.5(c)(1).

The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006. But when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006.

In *Allen v. State*, the Texarkana court of appeals permitted supplementation of the appellate record with a "newly created" bill of costs. *Allen v. State*, No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (not yet released for publication). The court reasoned that supplementation was permissible because a bill of costs was a governmental record that is "merely a documentation of what occurred during . . . trial." *Id.* Because the substance of the bill of costs was not newly created, the court classified the bill of costs as "an 'omitted' item because

2

it is only a compilation of records that existed previously." *Id.*

The First Court of Appeals in Houston has also permitted supplementation of the record. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). But in *Cardenas*, the court concluded that supplementation was permissible because an appellate court "must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." *Id.* at *4 (citing TEX. R. APP. P. 44.3). Furthermore, the court stated that supplementation was permissible because "Rule 34.5(c) also does not exclude the possibility of supplementation with new documents, the creation of which is otherwise required by law, and article 103.006 does contemplate that a bill of costs shall be certified, signed, and sent upon the appeal of a criminal action, which necessarily occurs after the entry of a final judgment." *Id.* at 5.

Appellant argues that a supplemental bill of costs may not be used unless it was created on or prior to the date the judgment was signed. To support this contention, Appellant directs our attention to *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.], pet. granted). In *Johnson*, the court ordered the district clerk to supplement the record with a bill of costs, or provide a certified statement that no such bill existed in the case file. *Id.* at 515. The clerk's office initially responded by filing an affidavit averring that the record did not include a bill of costs. *Id.* at 515. The clerk subsequently filed a computer screen printout reflecting a bill of costs, but it did not retract its earlier affidavit. *Id.* at 515 n.1. The court held that regardless of the form of the document, the record contained no indication that the printout was ever brought to the trial judge's attention. *Id.* at 515 n.1., 517. In reaching its disposition of the case, the court did not address the issue of "what might happen if an actual bill of costs is subsequently produced." *Id.* at 517 n.4.

Here, the district clerk produced an "actual bill of costs" after Appellant challenged the trial court's assessment of court costs. Thus, *Johnson* is inapplicable. Appellant also argues that producing a bill of costs "after-the-fact" violates his right to due process. However, the court held in *Cardenas* that "the clerk's failure to prepare a bill of costs before entry of judgment simply does not rise to the level of a due process violation" because the appellant had been given the opportunity to challenge the award of fees on direct appeal. *See Cardenas*, 2013 WL 1164365, at *7.

We agree with the reasoning in *Allen* and *Cardenas*. Accordingly, we hold that

3

supplementing the record to include the bill of costs is appropriate and does not violate due process. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006; TEX. R. APP. P. 34.5(c)(3), (1); *Allen*, 2013 WL 1316965, at *2; *Cardenas*, 2013 WL 1164365, at *4-7. Therefore, we will consider it in our analysis.[4]

### SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In two issues, Appellant challenges the trial court's order to withdraw funds from his inmate trust account because there was no bill of costs in the record. Appellant also challenges the court costs assessed in the judgment adjudicating guilt. Because the withholding order is contained in the judgment as an attachment, we construe Appellant's issues as a sufficiency challenge to the trial court's assessment of costs.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas*, 2013 WL 1164365, at *6.

A judgment shall "adjudge the costs against the defendant, and order the collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.*; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

**Discussion**

The judgment adjudicating guilt reflects that the trial court assessed $505.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $505.00. The bill of costs itemizes the costs and fees assessed against Appellant. The total bill of costs assessed is $205.00 and does not impose attorney's fees.

The State concedes that the costs assessed in the judgment adjudicating guilt and "Attachment A" are incorrect. We conclude that the evidence is insufficient to assess court costs of

---

[4] In his brief, Appellant argues that his right to due process was violated when the trial court ordered the withdrawal of funds from his inmate account without a bill of costs because he had no ability to know or challenge the

4

$505.00. However, we have verified that each fee listed in the bill of costs is authorized by statute.[5] Therefore, we conclude further that the evidence is sufficient to assess court costs of $205.00. We sustain Appellant's first and second issues in part.

## DISPOSITION

Having sustained Appellant's first and second issues in part, we modify the trial court's judgment to reflect that the amount of court costs is $205.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $505.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $205.00. *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).[6] We ***affirm*** the judgment of the trial court as modified. *See* TEX. R. APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 19, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

legal basis for the costs assessed against him. Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot.

[5] The bill of costs includes a jury service fee, clerk's fee, bond fee, arrest fee (commit & release), courthouse security, consolidated court fees, judiciary fund state, judiciary fund county, and indigent defense court cost. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(5), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

[6] The State argues that Appellant's challenge to the order to withdraw funds does not involve a criminal matter and may not be addressed on direct appeal because it is not a final order. We decline to address the State's argument because the "Order to Withdraw Funds" was incorporated into the trial court's judgment of conviction as "Attachment A." But even if the "Order to Withdraw Funds" was not incorporated into the judgment as an attachment, other courts have determined that modification of both the judgment and withholding order is appropriate to delete improperly assessed fees when sufficiency is challenged on direct appeal. *See **Allen v. State***, No. 06-12-00166-CR, 2013 WL 1316965, at *4 (Tex. App.—Texarkana Apr. 3, 2013, no pet.); ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 19, 2013**

**NO. 12-12-00280-CR**

**COLBY RAY BALLINGER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas.  (Tr.Ct.No. 114-1677-09)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **MODIFIED** and, as **MODIFIED**, **AFFIRMED**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **MODIFIED** to reflect that **THE AMOUNT OF COURT COSTS IS $205.00**; **THAT ATTACHMENT A TO THE JUDGMENT BE MODIFIED TO DELETE THE ASSESSMENT OF $505.00 AND TO STATE THAT THE TOTAL AMOUNT OF "COURT COSTS, FEES AND/OR FINES AND/OR RESTITUTION" IS $205.00;** that**,** as **MODIFIED,** the judgment of the trial court is **AFFIRMED;** and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*