# NO. 12-12-00340-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERVIN KELLY DAVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ervin Kelly Davis appeals his conviction for the felony offense of aggravated sexual assault of a child. In two issues, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs. We affirm.

## BACKGROUND

In 2008, Appellant, then a juvenile, was named as the respondent in a juvenile petition alleging delinquency for the offense of aggravated sexual assault of a child. A grand jury approved a determinate sentence, Appellant entered a plea of "true" to some of the allegations, and the State abandoned the remaining allegations. Consequently, Appellant was adjudicated to be delinquent, and the court imposed a ten year determinate sentence. However, Appellant's sentence was suspended, and he was placed on community supervision for ten years.

When Appellant reached the age of eighteen, the case was transferred to the district court. In 2012, the State filed a motion to revoke Appellant's community supervision. Appellant entered a plea of "true" to the allegations in the State's motion. After a hearing, the trial court found the allegations to be true, revoked Appellant's community supervision, and sentenced him

to ten years of imprisonment.

In the judgment of conviction, the trial court ordered the payment of $520.00 in court costs. At that time, a certified bill of costs was not in the record. After Appellant filed his brief, the district clerk supplemented the record to include a bill of costs.

**COURT COSTS**

In two issues, Appellant challenges the trial court's order to withdraw funds from his inmate trust account because there was no bill of costs in the record when the court costs were assessed. Appellant also challenges the court costs assessed in the judgment adjudicating guilt. Because the withholding order is contained in the judgment as an attachment, we construe Appellant's issues as a challenge to the sufficiency of the evidence supporting the trial court's assessment of costs.

**Standard of Review**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet. h.) (not yet released for publication).

**Applicable Law**

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.* art. 103.001 (West 2006); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; *Johnson*, 2013 WL 3054994, at *1-2.

2

**Discussion**

Here, the judgment of conviction reflects that the trial court assessed $520.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $520.00.

In his brief, Appellant argues that his right to due process was violated when the trial court ordered the withdrawal of funds from his inmate account without a bill of costs because he had no ability to know or challenge the legal basis for the costs assessed against him. Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot. *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *2 n.4 (Tex. App.—Tyler June 19, 2013, no. pet. h.) (not yet released for publication).

Appellant next contends that portions of the costs assessed are unsupported by the evidence. We have verified that each fee listed in the bill of costs is authorized by statute.[1] Appellant is required to pay all of these costs, regardless of his indigence. *See Johnson v. State*, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no. pet. h.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."). Therefore, the evidence is sufficient to support the trial court's assessment of $520.00 in court costs against Appellant.

Appellant's first and second issues are overruled.

**DISPOSITION**

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial

---

[1] The bill of costs lists a jury service fee, clerk's fee, records management fee, records management and preservation fee—DC, warrant fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012). In addition, the bill of costs lists a "DNA testing fee" in the amount of $250.00, which was properly assessed because Appellant was convicted of aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.020(a)(1) (West Supp. 2012) ("A person shall pay as cost of court: (1) $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code."); TEX. GOV'T CODE ANN. § 411.1471(a)(1)(D) (West 2012) (requiring DNA sample and testing for inclusion in DNA database for certain crimes, including aggravated sexual assault of a child).

3

court.

**BRIAN HOYLE**
Justice

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 24, 2013**

**NO. 12-12-00340-CR**

**ERVIN KELLY DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0265-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5