# NOS. 12-13-00104-CR
# 12-13-00105-CR
# 12-13-00106-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL LEE GUIN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Lee Guin appeals his convictions for the offenses of possession of marijuana (trial court cause number 114-1293-10, appellate cause number 12-13-00104-CR) and two instances of possession of a controlled substance with intent to deliver (trial court cause number 114-1294-10, appellate cause number 12-13-00105-CR) and (trial court cause number 114-1295-10, appellate cause number 12-13-00106-CR). Appellant raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment for the felony offenses of possession of marijuana and two instances of possession of controlled substance with intent to deliver.[1] Appellant pleaded guilty to all three cases. The trial court deferred its finding of guilt and placed Appellant on

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(2), 481.112(c), 481.121(b)(3) (West 2010), §§ 481.103(a)(1), 481.113(d) (West Supp. 2012).

deferred adjudication community supervision for a period of five years in Appellant's possession of marijuana case. The trial court also deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a period of ten years in each of his possession with intent to deliver cases.

The State filed an application to proceed to final adjudication in all three cases, and the applications were amended before a hearing was held. Appellant pleaded "true" to all allegations contained in each of the State's applications. The trial court found the allegations in each application for all three cases "true," revoked Appellant's community supervision, and found Appellant "guilty" of possession of marijuana and two charges of possession of a controlled substance with intent to deliver. In the possession of marijuana case, the trial court assessed punishment at two years of confinement without a fine. In one of the possession with intent to deliver cases, the trial court assessed punishment at thirty years of imprisonment without a fine. In the other, the trial court assessed punishment at twenty years of imprisonment without a fine. In all three cases, the trial court ordered court costs to be paid.

The judgment adjudicating Appellant's guilt for possession of marijuana assessed $270.00 in court costs. The judgments adjudicating guilt for both of Appellant's possession of controlled substance with intent to deliver each assessed $370.00 in court costs. At the time the judgments were signed, a bill of costs was not included in the record in any of the cases.

### SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account. We construe Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. After Appellant filed his brief, the record in each case was supplemented with a bill of costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[2]

---

[2] In his brief, Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal. He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed. The bill of costs is now included in the record.

2

**Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).[3] We measure sufficiency by reviewing the record in the light most favorable to the award. ***Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Cardenas v. State***, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. granted) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); ***Armstrong***, 340 S.W.3d at 767; *see also **Johnson***, 2013 WL 3054994, at *3.

**Discussion**

The judgment adjudicating guilt for possession of marijuana reflects that the trial court assessed $270.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $270.00. The bill of costs assesses $284.00 in court costs, and shows that the remaining balance is $284.00. Accordingly, the evidence is sufficient to support the trial court's assessment of $270.00 in court costs. We overrule Appellant's issue as it pertains to cause number 12-13-00104-CR.

The judgments adjudicating guilt in both of Appellant's possession with intent to deliver cases reflect that the trial court assessed $370.00 in court costs. Each judgment also includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $370.00. The bill of

---

Appellant has not been deprived of the opportunity to file a supplemental or reply brief to challenge whether any of the costs imposed were properly assessed.

[3] In its brief, the State argues that Appellant was required to preserve error in order to challenge the assessment of costs and that Appellant is required to request that the bill of costs be included in the record. We disagree with both of these contentions. A challenge to the sufficiency of the evidence need not be preserved at the trial level and is not waived by the failure to do so. ***Mayer v. State***, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); ***Cardenas v. State***, No. 01-11-01123-CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [14th Dist.] Mar. 21, 2013, pet. granted) (not yet released for publication). Furthermore, Article 103.006 of the code of criminal procedure does not condition the inclusion of a bill of costs in the record upon a party's request. The language of Article 103.006 makes the dissemination of a bill of costs mandatory upon a criminal action's transfer or appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

costs in both cases assess $274.00 in court costs, and show that the remaining balance is $274.00. The State concedes, and we agree, that the evidence is insufficient to support the imposition of $370.00 in court costs because this is more than the amount imposed by the bill of costs. The evidence is, however, sufficient to support the imposition of $274.00 in court costs in both possession with intent to deliver cases. Accordingly, we sustain Appellant's sole issue in part.

## DISPOSITION

Having overruled Appellant's sole issue as it relates to cause number 12-13-00104-CR, we *affirm* the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Having sustained Appellant's sole issue in part as it relates to cause numbers 12-13-00105-CR and 12-13-00106-CR, we *modify* both judgments to reflect that the amount of court costs assessed is $274.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A in both cause numbers to delete the assessment of $370.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $274.00. *See **Ballinger v. State***, No. 12-12-00280-CR, 2013 WL 3054935, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). We *affirm* the judgments of the trial court *as modified* in cause numbers 12-13-00105-CR and 12-13-00106-CR. *See* TEX. R. APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 29, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2013**

## NO. 12-13-00104-CR

**MICHAEL LEE GUIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeals from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-1293-10)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2013**

## NO. 12-13-00105-CR

**MICHAEL LEE GUIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-1294-10)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment in this cause be **modified** to reflect that the court costs assessed is $274.00. We also modify Attachment A to delete the assessment of $370.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $274.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### AUGUST 29, 2013

### NO. 12-13-00106-CR

**MICHAEL LEE GUIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-1295-10)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment in this cause number be **modified** to reflect that the court costs assessed is $274.00. We also modify Attachment A to delete the assessment of $370.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $274.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*