# NO. 12-13-00100-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAQUINTOS ANTWAN NELSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Laquintos Antwan Nelson, appeals his conviction for the offense of prohibited substance in a correctional facility. He raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment for the offense of prohibited substance in a correctional facility.[1] On December 20, 2011, Appellant pleaded guilty to the offense and was placed on community supervision for a period of ten years. The State filed its second amended application to revoke Appellant's community supervision on February 8, 2013. After a hearing, the trial court revoked Appellant's community supervision and sentenced Appellant to ten years of imprisonment without a fine.

The judgment revoking Appellant's community supervision assessed $274.00 in court costs. A bill of costs was not included in the record at the time the judgment was signed.

---

[1] *See* TEX. PENAL CODE ANN. § 38.11(b), (d)(1) (West 2011).

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account. We construe Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs.[2]  After Appellant filed his brief, the record was supplemented with a bill of costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at \*2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[3]

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case.  *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).  We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at \*6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. granted) (not yet released for publication).  Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at \*3.

**Discussion**

The judgment revoking Appellant's community supervision reflects that the trial court assessed $274.00 in court costs.  The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or

---

[2] The State argues that Appellant was required to preserve error in order to challenge the assessment of costs.  The State also argues that Appellant should not be allowed to benefit from his failure to present a complete clerk's record.  We disagree with both of the State's contentions.  An objection at trial is not required to challenge the sufficiency of the evidence supporting the trial court's assessment of costs.  *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication).  Furthermore, Article 103.006 of the code of criminal procedure does not condition the inclusion of a bill of costs in the record upon a party's request.  The language of Article 103.006 makes the dissemination of a bill of costs mandatory upon a criminal action's transfer or appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

[3] Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal.  He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed.  The bill of costs is now included in the record.  Appellant has not been deprived of the opportunity to file a supplemental or reply brief to challenge whether the costs in the withholding order were correctly assessed.  Thus, his due process argument is now moot.

fines and/or restitution" in the amount of $274.00. The State concedes, and we agree, that the assessment of $274.00 is improper and that the judgment and withholding order should be modified. The bill of costs assessed $274.00 in court costs but reflects a remaining balance of $234.00. Thus, the evidence is insufficient to support the trial court's assessment of $274.00 in court costs. The evidence is sufficient, however, to support the imposition of $234.00—the remaining balance reflected by the bill of costs. *See, e.g.*, **Lack v. State**, No. 12-13-00052-CR, 2013 WL 3967698, at *1-2 (Tex. App.—Tyler July 31, 2013, no pet. h.) (mem. op., not designated for publication); **Ashford v. State**, No. 12-12-00373-CR, 2013 WL 3874939, at *2 (Tex. App.—Tyler July 24, 2013, no pet. h.) (mem. op., not designated for publication). Accordingly, we sustain Appellant's sole issue in part.

## DISPOSITION

Having sustained Appellant's sole issue in part, we *modify* the judgment of the trial court to reflect that the amount of court costs assessed is $234.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $274.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $234.00. *See* **Ballinger v. State**, No. 12-12-00280-CR, 2013 WL 3054935, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). We *affirm* the judgment of the trial court *as modified*. *See* TEX. R. APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 29, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2013**

**NO. 12-13-00100-CR**

**LAQUINTOS ANTWAN NELSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court

of Smith County, Texas (Tr.Ct.No. 114-1374-11)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs assessed is $234.00. We also modify Attachment A to delete the assessment of $274.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $234.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*