**AFFIRM; and Opinion Filed December 3, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-12-00853-CR

_____

**DERWIN DWIGHT MOORE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-26009-N**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

A jury convicted appellant Derwin Dwight Moore of serious bodily injury to a child 14 years of age or younger and assessed punishment at 45 years in prison and a $5,000 fine. The trial court's judgment also assesses $244 in court costs against appellant. Appellant raises two issues on appeal arguing that the trial court erred when it admitted evidence of an extraneous offense and that the evidence is insufficient to support the trial court's assessment of court costs against appellant. We affirm.

### FIRST ISSUE

In his first issue appellant argues that the trial court abused its discretion during the punishment phase of his trial when it allowed the State to introduce evidence concerning a 2004

criminal trial in which appellant was acquitted of the capital murder of Draylen Moore, a child under the age of six.

**Background**

Before the punishment phase of appellant's trial, and outside the presence of the jury, appellant's counsel objected to the State's intent to introduce evidence relating to appellant's 2004 trial. The State explained that it wanted to elicit testimony that a total of three children had been injured while in appellant's care, including the child whose death was at issue in 2004. The State argued that this evidence was admissible for two alternative reasons. First, the evidence would show a violation of the penal code for endangering a child or injury to a child by omission, which had not been litigated. Alternatively, even if it did not rise to the level of a criminal offense, it would show a bad act of "failing to protect from injury children in his care." In response, appellant's counsel argued that the issues of endangerment or failure to protect "should have been litigated in the capital murder case." The trial court overruled appellant's objection and explained,

> The Court disagrees with [counsel for appellant]. What was litigated to my understanding in the capital murder case was whether or not he intentionally caused the injury that led to the child's death.
>
> I'm going to overrule your objection. I will allow the State to go into their bad act theory but I do not want any evidence before this jury of who caused the injury.
>
> Obviously, you're going to have to get into the fact that there was an injury and that it was an injury that caused death, but I do not want any evidence about who caused the injury or what caused the injury.
>
> That's been litigated. The omission, the bad act you're talking about, the failure to protect has not been litigated. I will allow that in as a bad act for punishment.

During the punishment phase of appellant's trial, the mother of the child whose injuries were at issue in this case, Michelle Sanders, testified that she was also the mother of appellant's son Draylen Moore. Sanders testified that Draylen died in 2004 at the age of four months after she dropped him off with appellant. Dr. Lynn Salzberger, the medical examiner who performed

Draylen's autopsy also testified for the State. She described Draylen's external and internal injuries and testified that his death was ruled a homicide because he "died as the result of blunt force injury."

**Analysis**

On appeal appellant argues that despite the State's argument that it was not relitigating the issue of whether appellant intentionally caused Draylen's death, "what the record actually shows is that the State presented evidence clearly designed to prove to the jury that [a]ppellant caused the child's injuries and death." As a result, appellant argues, the jury in this case was presented with the same issue as in appellant's capital murder case—appellant's guilt in having caused Draylen's death—which is barred by the doctrine of collateral estoppel. In response, the State argues that appellant has failed to carry his burden to prove that the evidence was barred by collateral estoppel because appellant did not produce any part of the record from his capital murder trial. We agree with the State.

The doctrine of collateral estoppel prevents the State from contesting in any subsequent proceedings any discrete fact issue that a jury necessarily already determined in a criminal defendant's favor. *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002). Collateral estoppel bars relitigation of a discrete fact only if that fact was *necessarily* decided in favor of the defendant in the first trial. *Id.* "The mere possibility that a fact *may* have been determined in a former trial is insufficient to bar relitigation of that same fact in a second trial." *Id.* To decide whether collateral estoppel applies, a reviewing court must determine exactly what facts were *necessarily* decided in the first proceeding. *Id.* To do so we "must review the entire trial record, as well as the pleadings, the charge, and the arguments of the attorneys." *Id.*

It is appellant's burden to demonstrate that any fact issues he sought to foreclose in this case were actually decided in his capital murder trial. *See Guajardo v. State*, 109 S.W.3d 456,

460 (Tex. Crim. App. 2003). Appellant cannot meet that burden because he failed to provide an appellate record that contains the record from his capital murder trial. *See, e.g.*, *id.* at 462 ("Because the trial court denied appellant's claim of collateral estoppel, and neither the court of appeals nor this Court has a transcript of the first suppression hearing, we hold that appellant failed to provide a sufficient appellate record to review the trial court's ruling."). As a result, we resolve appellant's first issue against him.

## SECOND ISSUE

In his second issue appellant argues that the trial court's judgment should be reformed to delete the assessment of $244 in court costs against him because the clerk's record does not contain a bill of costs. He argues that without a written bill of costs, the evidence is insufficient to support the assessment of court costs.

In light of appellant's complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *see also Franklin v. State,* 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *Ballinger v. State,* 405 S.W.3d 346, 348 (Tex. App.—Texarkana 2013, no pet.) ("[W]hen a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by [Texas Code of Criminal Procedure] Article 103.006."). Because the record now contains a bill of costs supporting the assessment of costs in the trial court's judgment, appellant's complaint that the evidence is insufficient is moot. *See Franklin*, 402 S.W.3d at 895.

Appellant filed two objections to the supplemental clerk's record. He complains that the clerk did not file a "proper bill of costs" because (1) it is an unsworn, unsigned computer

–4–

printout, and (2) the record does not indicate that the bill of costs was filed or brought to the trial court's attention before costs were entered in the judgment. We have previously addressed and rejected both of these arguments in *Coronel v. State,* No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, pet. filed).

We resolve appellant's second issue against him.

## CONCLUSION

We resolve appellant's two issues against him and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120853F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DERWIN DWIGHT MOORE, Appellant

No. 05-12-00853-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-26009-N.
Opinion delivered by Justice Lang-Miers.
Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of December, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE