**AFFIRM; Opinion Filed December 11, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01536-CR

## MOISE MARTINEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1162885-Y**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

Moise Martinez was charged by indictment for the offense of aggravated robbery. *See*

TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). He pleaded guilty to the offense and true to

one enhancement paragraph. A jury found Martinez guilty and assessed punishment at fifty

years' imprisonment and a $5000 fine. The trial court also ordered Martinez to pay $264 in court

costs. In a single point of error, Martinez challenges the sufficiency of the evidence to support

the trial court's assessment of court costs. He requests that we reform the judgment to delete the

requirement that he pay the specific amount of court costs because the clerk's record does not

contain a cost bill.

If a criminal action or proceeding is appealed, "an officer of the court shall certify and

sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to

which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001.

When, as here, the bill of costs was not sent to the Court and made part of the record, we may direct the district clerk to supplement the record with the bill of costs. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *see also Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *Ballinger v. State*, 405 S.W.3d 346, 348 (Tex. App.—Tyler 2013, no pet.) ("[W]hen a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006."). The Dallas County District Clerk complied with our order and filed a supplemental clerk's record that contains six pages of a computer printout itemizing the costs assessed in the case. The supplemental clerk's record also includes a bill of costs certification signed by the deputy district clerk and certified by the district clerk. Because the clerk's record now contains a cost bill that supports the assessment of costs, Martinez's complaint that the evidence is insufficient to support the imposition of costs because the record does not contain a cost bill is moot. *Franklin*, 402 S.W.3d at 895; *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed). We resolve Martinez's point of error against him.

Martinez also filed an objection to the bill of costs in the supplemental clerk's record. He specifically complains (1) the bill of costs filed by the district clerk is not a proper bill of costs because it consists of "unsigned, unsworn computer printouts" and (2) the record does not indicate the computer printouts were filed in the trial court or brought to the trial court's attention

before the costs were entered in the judgment. We previously have addressed and overruled both of these arguments in *Coronel v. State*, 2013 WL 3874446, at *4–5 (concluding supplemental record filed by clerk meets mandate of code of criminal procedure and there is no requirement that cost bill be presented to trial court at any time before judgment). Accordingly, we overrule Martinez's objection to the cost bill contained in the supplemental clerk's record.

Finally, we note that in his original brief and his objection, Martinez does not challenge the propriety or legality of the specific costs assessed. We therefore do not address these matters.

Having resolved Martinez's sole point of error against him, we affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121536F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOISE MARTINEZ, Appellant

No. 05-12-01536-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1162885-Y.
Opinion delivered by Justice Brown.
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of December, 2013.

/Ada Brown/

ADA BROWN
JUSTICE