# NO. 12-13-00149-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON MICHAEL STANLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jason Michael Stanley appeals his felony conviction for obtaining or possessing a controlled substance by misrepresentation or fraud and through use of a fraudulent oral or telephonically communicated prescription.[1] In two issues, Appellant argues that the trial court erred in imposing court costs that do not comport with the bill of costs, and therefore, the evidence is insufficient to support the amount of costs ordered. We modify the trial court's judgment, and affirm as modified.

## BACKGROUND

In March 2012, Appellant pleaded "guilty" to the charged offense. Based on the plea, the trial court found Appellant guilty. After a sentencing hearing in April 2012, the trial court assessed Appellant's punishment at imprisonment for ten years, probated for a seven year community supervision period.

In September 2012, the State filed a motion to revoke Appellant's community supervision. Appellant pleaded "true" to four of the State's five allegations. Based upon the plea and other evidence presented at the revocation hearing, the trial court found all five

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(A), (C) (West Supp. 2013).

allegations to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for ten years.

At the revocation hearing, the trial court ordered that court costs be paid, without specifying the amount of costs. In its written judgment, the trial court ordered that Appellant pay court costs in the amount of $439.00. After the written judgment was signed, the clerk compiled the bill of costs reflecting total costs of $339.00.

## COURT COSTS

In Appellant's first issue, he contends that the trial court erred in assessing court costs in an amount that fails to comport with the clerk's bill of costs. In his second issue, he argues that the evidence is insufficient to support the trial court's assessment of costs in the amount of $439.00. Since these issues are related, we address them together.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

A cost is payable only on the issuance of a certified bill of costs, and it does not need to be orally pronounced with or incorporated into the written judgment to be effective. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006); *Armstrong*, 340 S.W.3d at 766–67; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). When the trial court's written judgment assesses court costs in an amount different from the bill of costs, then the amount of costs assessed in the bill of costs controls, so long as the costs identified in the bill of costs are authorized by law and the evidence is sufficient to support them. *See Lanz v. State*, No. 13-12-00664-CR, 2013 WL 4715044, at *7 (Tex. App.—Corpus Christi Aug. 30, 2013, no pet.) (mem. op., not designated for publication); *Ballinger v. State*, 405 S.W.3d 346, 350 (Tex. App.—Tyler 2013, no pet.).

### Discussion

In its written judgment, without identifying a basis for the amount assessed, the trial court ordered that costs be paid in the amount of $439.00. The judgment also includes a document

2

identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $439.00.

In contrast, the bill of costs is in the amount of $339.00. The costs assessed in the bill of cost are authorized by law, and the evidence is sufficient to support $339.00 in costs. But the evidence is insufficient to support the remaining $100.00 assessed by the trial court. *See Lanz*, 2013 WL 4715044, at *7 (modifying the judgment to reflect the figure assessed in the bill of costs when the two figures differed). The State concedes that the amount in excess of $339.00 was improperly assessed, and that the evidence is insufficient to support that amount.

Appellant's issues one and two are sustained.

## DISPOSITION

Having sustained Appellant's first and second issues, we *modify* the trial court's judgment to reflect that the amount of court costs is $339.00. *See* TEX. R. APP. P. 43.2(b). We also *modify* Attachment A to delete the assessment of $439.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $339.00. *See, e.g., Reyes v. State,* 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We *affirm* the judgment of the trial court as *modified*. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-13-00149-CR**

**JASON MICHAEL STANLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0012-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $339.00. We further **modify** Attachment A to delete the assessment of $439.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $339.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*