# NO. 12-13-00176-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK O'CIECE HENDERSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Patrick O'Ciece Henderson appeals his conviction for burglary of a building. He raises two issues relating to the imposition of court costs. We affirm.

### BACKGROUND

Appellant was charged by indictment with the state jail felony offense of burglary of a building. Appellant waived his right to a jury trial, and a bench trial was held. The trial court found Appellant guilty and ordered that a presentence investigation be conducted. After a hearing on sentencing, the trial court assessed punishment at eighteen months of confinement with a fine in the amount of $2,000.00. The trial court also ordered that court costs be paid.

The judgment of conviction reflects the imposition of $284.00 in court costs, but at the time it was signed, a bill of costs was not included in the record. After Appellant filed his brief, the record was supplemented with a bill of costs.

### SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In his first and second issues, Appellant contends that the trial court erred by imposing court costs because there was no bill of costs, and as a result, the evidence is legally insufficient to support the assessment of court costs in this case. Because the record was supplemented to include a bill of costs, we review Appellant's issue as a challenge to the sufficiency of the evidence.

## Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). Requiring a defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *Johnson*, 405 S.W.3d at 355.

When a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record with a bill of costs pursuant to Texas Rule of Appellate Procedure 34.5(c) because a bill of costs is required by Texas Code of Criminal Procedure Article 103.006. *See* TEX. R. APP. P. 34.5(c)(1); TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006); *Ballinger v. State*, 405 S.W.3d 346, 349 (Tex. App.—Tyler 2013, no pet.). Supplementing the record with a bill of costs does not violate due process. *See Ballinger*, 405 S.W.3d at 349.

## Discussion

The bill of costs shows the amount of court costs is $284.00, and the trial court's judgment assesses court costs in that amount. We have reviewed the items listed in the bill of costs, and all listed costs and fees are authorized by statute. Accordingly, the evidence is sufficient to support the trial court's assessment of $284.00 in court costs. We overrule Appellant's first and second issues.

### DISPOSITION

Having overruled Appellant's two issues on appeal, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered February 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2014**

**NO. 12-13-00176-CR**

**PATRICK O'CIECE HENDERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0281-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*