**MODIFY and AFFIRM; and Opinion Filed December 3, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00552-CR

### LARRY DARNELL PRICE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-30771-P**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

A jury found appellant Larry Darnell Price guilty of aggravated sexual assault of a child under 14 years of age, found an enhancement paragraph true, and assessed a mandatory punishment of life in prison. The trial court's judgment also assesses $244 in court costs against appellant. On appeal appellant argues that (1) the trial court abused its discretion when it precluded appellant's counsel from questioning potential jurors about their "ability to disregard the consequences of parole," (2) the evidence is insufficient to support the assessment of court costs against appellant, and (3) the judgment should be modified to correct multiple errors. We modify the judgment as described below and affirm as modified.

In his first issue appellant argues that the trial court abused its discretion when it did not allow his counsel to question the venire regarding "whether they could disregard the consequences of parole during their deliberations." In response, the State argues, in part, that appellant cannot show error on appeal because the record does not reflect the denial of any particular question. We agree with the State.

**Background**

Before voir dire appellant's counsel objected to an apparent prior ruling that the trial court made off the record concerning the general topic of "parole implications":

> Your Honor, I'm objecting from the Court's ruling that I can't discuss the parole implications during voir dire with the prospective veniremen. It's my understanding that whatever sentence the jury gives him, that Mr. Price will have to serve it day for day. And I think that that is the issue that should be explored. We might find some people that we can strike for cause—or we have some serious issues with deliberating on the case if they found that out later, once they're actually on the jury.

In response, the trial court stated that it would not allow the defense "to go into anything regarding sentencing and parole in voir dire." After voir dire, and after the jurors were chosen but before they were sworn in, appellant's counsel "object[ed] to the panel members" on the ground that he should have been allowed to ask them "whether or not that would make a difference to them if they knew that they were deciding a case where the person would have to do day for day time or whether or not the person would be eligible for parole."

**Analysis**

The record suggests that appellant's counsel told the trial court before voir dire that he wanted to discuss "parole implications" with prospective jurors. Generally, where counsel states a subject area in which he wishes to propound questions, but does not present the trial court with the specific questions he wishes to ask, "the trial court is denied an opportunity to make a

meaningful ruling and error is not preserved." *In re Commitment of Tesson*, No. 09-11-00709-CV, 2013 WL 5651804, at *2 (Tex. App.—Beaumont Oct. 17, 2013, no pet.) (internal quotations omitted); *see also In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 WL 3355758, at *6 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.) ("[A]lthough defense counsel indicated that he desired to question the venire panel concerning Texas case law regarding emotional or volitional capacity, counsel did not proffer specific questions that he wished to ask. Therefore, we conclude that [appellant] failed to preserve the issue for appellate review."). Stated differently, "[i]f all that is shown is that the trial court generally disapproved of an area of inquiry from which proper [voir dire] questions could have been formulated, error is not preserved because the trial court might have allowed a proper question had it been submitted for consideration." *Lee v. State*, No. 12-09-00369-CR, 2010 WL 2638069, at *4 (Tex. App.—Tyler June 30, 2010, no pet.) (mem. op., not designated for publication).

This case is analogous to *State v. McGuffey*, 69 S.W.3d 654 (Tex. App.—Tyler 2002, no pet.). In *McGuffey* the State asked the trial court to permit questions during voir dire about the defendant's two previous DWI convictions. The appellate record, however, did not contain any question or questions that the State proposed to ask the prospective jurors about the previous convictions. As a result, the Tyler Court of Appeals concluded that there was nothing for it to review. *Id.* at 656; *see also Greer v. Seales*, No. 09-05-00001-CV, 2006 WL 439109, at *6 (Tex. App.—Beaumont Feb. 23, 2006, no pet.) (mem. op.) (complaint that trial court limited questioning during voir dire not preserved for appellate review because counsel "merely identified general areas of inquiry he desired to pursue" and "failed to identify to the trial court specific questions he was not permitted to ask").

To the extent that appellant's counsel told the trial court off the record which specific question or questions he intended to ask concerning the general subject of "parole implications," thereby prompting the trial court's initial ruling off the record prior to voir dire, we cannot review the propriety of the trial court's ruling because the question or questions are not in the appellate record. *See, e.g.*, *Caldwell v. State*, 818 S.W.2d 790, 794 (Tex. Crim. App. 1991) (appellate court cannot review trial court's refusal to allow voir dire questioning when appellate record does not reflect what specific questions trial court precluded), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995).

We note that appellant's counsel's renewed objection after voir dire was somewhat more specific. That objection, however, was untimely and did not preserve the complaint for appellate review because it was made after questioning was completed and the jury was chosen. *See, e.g.*, *Alvarado v. State*, No. 01-05-00259-CR, 2006 WL 1232913, at *2 (Tex. App.—Houston [1st Dist.] May 4, 2006, pet. ref'd) (mem. op., not designated for publication) (defendant's complaint that trial court failed to allow defense counsel to question juror about her hearing impairment not preserved for appellate review because counsel knew about impairment at beginning of trial but did not tell trial court what questions he wanted to ask her until the middle of trial); *see generally* TEX. R. APP. P. 33.1(a) (error preservation requires timely objection); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) ("To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of the objection becomes apparent.").

We resolve appellant's first issue against him.

## SECOND ISSUE

In his second issue appellant argues that the trial court's judgment should be reformed to delete the assessment of $244 in court costs against him because the clerk's record does not

contain a bill of costs. He argues that without a written bill of costs, the evidence is insufficient to support the assessment of court costs.

In light of appellant's complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *see also Franklin v. State,* 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *Ballinger v. State,* 405 S.W.3d 346, 348 (Tex. App.—Texarkana 2013, no pet.) ("[W]hen a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by [Texas Code of Criminal Procedure] Article 103.006."). Because the record now contains a bill of costs supporting the assessment of costs in the trial court's judgment, appellant's complaint that the evidence is insufficient is moot. *See Franklin*, 402 S.W.3d at 895.

Appellant filed two objections to the supplemental clerk's record. He complains that the clerk did not file a "proper bill of costs" because (1) it is an unsworn, unsigned computer printout, and (2) the record does not indicate that the bill of costs was filed or brought to the trial court's attention before costs were entered in the judgment. We have previously addressed and rejected both of these arguments in *Coronel v. State,* No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, pet. filed).

We resolve appellant's second issue against him.

### THIRD AND FOURTH ISSUES

In his third and fourth issues appellant argues that the judgment should be modified to reflect the correct offense for which appellant was convicted and the correct names of the trial prosecutors. The State agrees with appellant and also asks this Court to further modify the

judgment to (1) reflect that appellant pleaded "not true" to the first enhancement paragraph, (2) reflect that the jury found the allegation to be "true," (3) strike erroneous special findings, and (4) correct the entry concerning sex offender registration and the age of the victim to conform to article 42.01(27) of the Texas Code of Criminal Procedure.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have compared the judgment with the record in this case and agree with the parties that the judgment should be modified as requested. First, with respect to the offense for which appellant was convicted, the judgment states that appellant was convicted of continuous sexual abuse of a child less than 14 years of age under "22.01 Penal Code."[1] The record, however, demonstrates that appellant was convicted of the lesser included offense of aggravated sexual assault under section 22.021 of the Texas Penal Code.

Second, with respect to the name of the prosecutors, the judgment states that the attorney for the State was Shelley Fox. The record, however, demonstrates that the attorneys for the State were Patrice Williams and Audra Riley.

Third, with respect to the enhancement paragraph concerning appellant's prior conviction for sexual assault, the judgment states "N/A" next to the entries for "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph." The record, however, demonstrates that appellant pleaded "not true" to the enhancement paragraph and that jury found the enhancement paragraph true.

Fourth, with respect to the special finding concerning the ages of appellant and the victim, the judgment states as follows:

---

[1] Appellant was charged with continuous sexual abuse of a child less than 14 years of age under section 21.02 of the Texas Penal Code.

> **The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. TEX. CODE CRIM. PROC., art. 42.017**

The record, however, demonstrates that the offense occurred in the months of November and December 2010, during which time appellant turned 32 years old, and the victim was 13 years old.

Finally, with respect to the entry required under article 42.01(27) of the code of criminal procedure, the judgment states, "**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62. The age of the victim at the time of the offense was **N/A**." The record, however, demonstrates that appellant was convicted of aggravated sexual assault, an offense for which registration as a sex offender is required. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01(27); *id.* art. 62.001(5)(A) (West Supp. 2012); art. 62.002(a) (West 2006). The record also demonstrates that the victim was 13 years old at the time of the offense.

Having compared the judgment to the record, we resolve appellant's third and fourth issues in his favor. We also grant the State's request to make further modifications to the judgment. We modify the judgment as follows:

- Change the notation under "Offense for which Defendant Convicted" from "**SEX ABUSE CONTINUOUS CH/14**" to "**AGGRAVATED SEXUAL ASSAULT**";

- Change the notation under "Statute for Offense" from "**22.01 Penal Code**" to "**22.021 Penal Code**";

- Change the entry next to "Attorney for State" from "**Shelley Fox**" to "**Patrice Williams and Audra Riley**";

- Change the entry next to "Plea to 1st Enhancement Paragraph" from "**N/A**" to "**Not True**";

- Change the entry next to "Findings on 1st Enhancement Paragraph" from "**N/A**" to "**True**";

–7–

- Delete the first paragraph under "**Furthermore, the following special findings or orders apply**," which states, **"The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. TEX. CODE CRIM. PROC., art. 42.017**"; and

- Change the statement required under article 42.01(27) of the code of criminal procedure from "**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62. The age of the victim at the time of the offense was **N/A**" to "**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62. The age of the victim at the time of the offense was **Thirteen (13) years.**"

## CONCLUSION

We modify the trial court's judgment as described above and affirm as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120552F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY DARNELL PRICE, Appellant

No. 05-12-00552-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F11-30771-P.

Opinion delivered by Justice Lang-Miers.

Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Change the notation under "Offense for which Defendant Convicted" from "**SEX ABUSE CONTINUOUS CH/14**" to "**AGGRAVATED SEXUAL ASSAULT**";

Change the notation under "Statute for Offense" from "**22.01 Penal Code**" to "**22.021 Penal Code**";

Change the entry next to "Attorney for State" from "**Shelley Fox**" to "**Patrice Williams and Audra Riley**";

Change the entry next to "Plea to 1st Enhancement Paragraph" from "**N/A**" to "**Not True**";

Change the entry next to "Findings on 1st Enhancement Paragraph" from "**N/A**" to "**True**";

Delete the first paragraph under "**Furthermore, the following special findings or orders apply,**" which states, "**The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. TEX. CODE CRIM. PROC., art. 42.017**"; and

Change the statement required under article 42.01(27) of the code of criminal procedure from "**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62. The age of the victim at the time of the offense was **N/A**" to "**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62. The age of the victim at the time of the offense was **Thirteen (13) years.**"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of December, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE