

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00041-CR

ROBERT EUGENE CRISP                           APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## OPINION

----------

Crisp was charged with sexual assault of a child under seventeen years of age. He waived a jury trial and entered an open plea of guilty. The trial court found him guilty and sentenced him to 15 years' imprisonment. In the written judgment of conviction, the trial court also assessed court costs of $624.

In a single point, Crisp complains that there is no evidence in the record to support the trial court's assessment of $624 in court costs. He argues that the

record does not contain a bill of costs or other indication of what the $624 represents. Thus, Crisp argues, "without knowing what the costs are for, [he] and this Court cannot assess whether the assessment of those costs was proper." Although the original clerk's record in this case did not contain a bill of costs, after the State received Crisp's appellate brief, the State directed the district clerk to prepare, certify, and file with this court a supplemental clerk's record containing a bill of costs. The district clerk subsequently filed a supplemental clerk's record containing the State's letter; an order to withdraw funds from Crisp's inmate account to pay court costs of $624; a bill of costs signed by the Tarrant County District Clerk, who certified that $624 in court costs were assessed in this case; and a printout entitled "List of Fee Breakdowns," itemizing the court costs assessed.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *See, e.g.*, Tex. Gov't Code Ann. §§ 102.001–.142 (West 2013) (setting forth various court costs that a convicted person "shall" pay); *see also Houston v. State*, No. 02-12-00514-CR, 2013 WL 4473763, at *2 (Tex. App.—Fort Worth Aug. 22, 2013, no. pet. h.). The court of criminal appeals has explained that "court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). "This is because court costs do not 'alter the range of punishment to which the defendant is

subject, or the number of years assessed' and, thus, are not part of the sentence." *Armstrong*, 340 S.W.3d at 767 (quoting *Weir*, 278 S.W.3d at 367). Instead, court costs are compensatory in nature; that is, they are "'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* (quoting *Weir*, 278 S.W.3d at 366) (contrasting costs to fines, which are punitive in nature and generally must be orally pronounced in the defendant's presence). The code of criminal procedure provides that the trial court's judgment "shall also adjudge the costs against the defendant, and order the collection thereof." Tex. Code Crim. Proc. Ann. art. 42.16 (West 2006).

Under article 103.001 of the code of criminal procedure, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001 (West 2006). Article 103.006 provides that if a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2006).

We recently addressed whether we can consider a bill of cost that is prepared and filed via a supplemental record after the appellant has appealed. *See Houston*, 2013 WL 4473763, at *2–3. We agreed with our sister courts that we can consider such a bill of costs as support for the trial court's earlier assessment of a specific amount of court costs. *See id*; *see also Coronel v.*

3

*State*, No. 05-12-00493-CR, 2013 WL 3874446, at *5 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Ballinger v. State*, 405 S.W.3d 346, 347 (Tex. App.—Tyler 2013, no. pet.); *Allen v. State*, No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana Apr. 3, 2013, no pet.); *Cardenas v. State*, 403 S.W.3d 377, 382–85 (Tex. App.—Houston [1st Dist.] 2013, pet. granted) (op. on reh'g); *cf. Johnson v. State*, 389 S.W.3d 513, 515 & n.1 (Tex. App.—Houston [14th Dist.] 2012, pet. granted) (holding that an unsigned computer printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001). As we explained in *Houston*,

> The code of criminal procedure does not contemplate that a bill of costs be prepared and filed at the time the trial court signs the judgment of conviction or before a criminal conviction is appealed. *See* Tex. Code Crim. Proc. Ann. arts. 103.001, .006. Instead, article 103.001 provides that costs are not payable by a defendant until a written bill of costs is produced or ready to be produced, and article 103.006 specifically provides that when a criminal action is appealed, an officer of the trial court "shall certify and sign a bill of costs" and "send the bill of costs to the court to which the action . . . is . . . appealed." *Id.* arts. 103.001, .006; *see also* Tex. R. App. P. 34.5(c) (providing for supplementation of the clerk's record with "omitted items"); *Allen*, 2013 WL 1316965, at *2 (reasoning that substance of bill of costs is not newly created but "merely a documentation of what occurred during . . . trial"); *Cardenas*, (reasoning that rule 34.5(c) does not exclude the possibility of supplementation with new documents, the creation of which is otherwise required by law).

*Houston*, 2013 WL 4473763, at *3.

In this case, now that the appellate record has been supplemented with a bill of costs and attached "List of Free Breakdowns," the record contains support for the trial court's assessment of $624 in court costs; none of the costs

4

assessed are attorney's fees.[1]  Crisp has not filed a reply brief or supplemented

or amended his brief to raise any challenge to the correctness of any specific

cost listed in the bill of costs.[2]  *See* Tex. R. App. P. 38.3, 38.7; *Houston*, 2013 WL

4473763, at *3.  We decline to undertake a review of the correctness of each

court cost charged to Crisp when he has not done so.  *See Houston*, 2013 WL

4473763, at *3 & n.5 (declining to do same and noting that a variety of

challenges could be possible in any given case); *Coronel*, 2013 WL 3874446, at

*6 (noting that because appellant did not challenge, either in his original brief or

in his two post-submission briefs, the propriety or legality of specific costs

assessed, court would not address those issues).

---

[1]Crisp asserts in his brief that the $624 in court costs might have included attorney's fees improperly taxed to him based on his indigency status, but the bill of costs included in the supplemental record now shows that attorney's fees were not included in the assessed court costs.  *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012) (providing for repayment of court-appointed attorney's fees that trial court finds defendant is able to pay); *id.* art. 26.04(p) (West Supp. 2012) (providing that defendant who is determined by court to be indigent is presumed to remain indigent for remainder of proceedings unless material change in his financial circumstances occurs); *Cates v. State*, No. PD-0861-12, 2013 WL 3196932, at *1 (Tex. Crim. App. June 26, 2013) (citing *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), and holding that no factual basis for reimbursement of attorney's fees existed in record when trial court found defendant indigent and never found that he was able to repay court-appointed counsel's fees).

[2]To the extent that Crisp may desire to challenge any specific item on the bill of costs, article 103.008 of the code of criminal procedure provides that upon motion by defendant filed not later than one year after date of final disposition of the case, the court in which the case is pending or was last pending shall correct any error in the costs.  *See* Tex. Code Crim. Proc. Ann. art. 103.008 (West 2006).

Because the record now contains a bill of costs with an attached "List of Fee Breakdown," setting forth the items of cost that have accrued to total $624 in court costs owed by Crisp and supporting the trial court's assessment of $624 in court costs in its written judgment, we overrule Crisp's sole point and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED:  October 3, 2013