

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00321-CR

Joe L. **MIRELES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR6904
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  December 31, 2013

AFFIRMED

The sole issues raised in this appeal relate to the trial court's imposition of court costs and attorney's fees in the judgment adjudicating Joe L. Mireles's guilt and revoking his community supervision.  We affirm the trial court's judgment.

### BACKGROUND

Mireles pled nolo contendere to the offense of failing to register as a sex offender and was placed on deferred adjudication community supervision.  The State subsequently filed a motion to

adjudicate Mireles's guilt, and Mireles pled true to violating a term of his community supervision. The trial court adjudicated Mireles's guilt and sentenced him to fifteen years' imprisonment.

## COURT COSTS

In his first issue, Mireles contends the evidence is insufficient to support the trial court's assessment of court costs because the record contains no bill of costs. After Mireles filed his brief, however, a supplemental clerk's record was filed containing a bill of costs. Mireles did not file a reply brief or an amended brief contending the bill of costs was erroneous or did not support the court costs assessed by the trial court. Accordingly, Mireles's first issue is overruled. *See Crisp v. State*, No. 02-13-00041-CR, 2013 WL 5488710, at *2 (Tex. App.—Fort Worth Oct. 3, 2013, no pet. h.); *see also Mata v. State*, No. 04-13-00173-CV, 2013 WL 5570841, at *2 (Tex. App.—San Antonio Oct. 9, 2013, no pet. h.) (not designated for publication).

## ATTORNEY'S FEES

In his second issue, Mireles contends the evidence is insufficient to show that his financial circumstances materially changed after he was found indigent at the time of his original plea. As a result, Mireles asserts attorney's fees could not be assessed against him.

As the State notes in its brief, however, Mireles has waived the right to complain of this issue on appeal. The order deferring adjudication of Mireles's guilt and placing him on community supervision also assessed attorney's fees against him. In failing to raise this complaint in an appeal of the order of deferred adjudication, Mireles waived his right to complain about this issue when his guilt was adjudicated and sentence was imposed. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013).

**CONCLUSION**

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH