

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00190-CR

JUAN TOVAR                                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12544

----------

## MEMORANDUM OPINION[1]

----------

After a bench trial, the trial court convicted Appellant Juan Tovar of sexual assault of a child and sentenced him to fifteen years' confinement. Appellant brings two points on appeal, challenging the sufficiency of the evidence to support his conviction and to support the imposition of attorney's fees and other costs. Because we hold that the evidence is sufficient to support the conviction,

---

[1]*See* Tex. R. App. P. 47.4.

we affirm the trial court's judgment as to the conviction and sentence. But because the trial court erred by ordering Appellant, who is indigent, to pay attorney's fees and other costs, we reverse the trial court's judgment as to costs, and we likewise reverse the trial court's order to withdraw funds. We remand this case to the trial court for the sole purpose of modifying both the judgment and the order to withdraw funds to reflect the proper amount of costs that Appellant should be ordered to repay despite his indigence.

**Brief Facts**

Complainant was twenty-five years old at the time of Appellant's trial and had two children, one of whom was born when Complainant was sixteen years old. Complainant used methamphetamine as a teenager and young adult, and she was imprisoned and sent to a substance abuse felony punishment facility (SAFPF) for methamphetamine possession. At the time of Appellant's trial, she resided in a therapeutic transition center as a condition of her release from the SAFPF. The same trial court that convicted Appellant had previously placed Complainant on community supervision for possession of a controlled substance. Complainant also had contact with Child Protective Services (CPS). CPS investigators discovered that Appellant was the father of her elder son and reported a sexual assault to law enforcement.

Appellant was fifty-three years old at the time of his trial. He had been a neighbor and friend of Complainant's family, and his children had played with Complainant and her siblings. When Complainant was fifteen years old,

2

Appellant offered to help her parents by picking her up from the behavioral transition center at the local school, commonly known as "BTC." On the way home from BTC, Appellant often parked his van in a secluded area, where he gave Complainant methamphetamine and fondled her breasts. Complainant testified that on at least two occasions, Appellant gave her methamphetamine in exchange for sexual intercourse. She discovered that she was pregnant on her sixteenth birthday.

Appellant testified that one day after he had been to a barbeque at the home of Complainant's parents, Complainant and her brother gave him a blue pill and two white pills. Appellant explained at trial that he had no memory of what happened for the remainder of that day. The next day, Appellant's friends teased him about having had sex with Complainant after he took the pills.

Complainant testified about giving Appellant the pills. She confirmed that she and her brother had given Appellant a blue Viagra pill as a joke when he complained of tooth pain. She also explained that the pill incident had occurred after Appellant had sex with her and while she was pregnant. Complainant denied that she ever gave Appellant pills that made him pass out or that would allow her to have sex with him without his knowledge.

Investigator Robert Young investigated the CPS report regarding the paternity of Complainant's elder child. Young obtained DNA samples from Complainant, her son, and Appellant. The University of North Texas Health

Science Center performed DNA analyses on the samples. The testing proved that Appellant was the father of Complainant's elder child.

**Sufficient Evidence of Guilt**

In his first point, Appellant challenges the sufficiency of the evidence to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] Appellant contends that the requisite mental state—intentionally or knowingly[3]—presumes that his actions were voluntary. He argues that "voluntariness" "necessarily requires that the State prove that [he] intended to do the act complained of, and it does not include the product of unconsciousness, hypnosis or other non-volitional causes that are not voluntary."[4] Appellant argues that his actions were not voluntary and therefore not intentionally or knowingly done. Consequently, he argues, the evidence is insufficient to support the verdict of guilt.

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[3]*See* Tex. Penal Code Ann. § 22.011(a)(2)(A) (West 2011).

[4]*See Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003).

4

The trial judge, as the trier of fact, is the sole judge of the credibility of the witnesses and the inferences and conclusions to be drawn from the credible evidence.[5] Although there was evidence of Appellant's involuntary intoxication, there was also evidence that he engaged in sexual intercourse on two occasions and that Complainant was already pregnant when the involuntary intoxication allegedly happened. As Appellant concedes, no corroboration was necessary because Complainant was a minor at the time of the offense,[6] and, as the State points out, to the extent that corroboration could ever be needed, the DNA test results provide it. We therefore hold that the evidence was sufficient to support the trial court's judgment of guilt. We overrule Appellant's first point.

**Attorney's Fees and Other Costs**

In his second point, Appellant challenges the sufficiency of the evidence supporting the trial court's order that he pay attorney's fees and other costs. Appellant argues that the trial court found him indigent and appointed counsel to represent him. A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."[7]

---

[5]*Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011).

[6]Tex. Code Crim. Proc. Ann. art. 38.07(b)(1) (West Supp. 2014).

[7]*Id.* art. 26.04(p); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013).

The trial court found that Appellant was indigent. The record does not reflect that Appellant's indigent status changed before the trial court ordered him to pay attorney's fees and other costs. In the best tradition of seeking justice rather than self-aggrandizement, the State candidly agrees with Appellant's statement of the facts and the applicable law regarding attorney's fees. We therefore sustain Appellant's second point as to the order to pay attorney's fees.

When the record does not contain a factual basis to support imposition of attorney's fees, the proper remedy is to delete the order to pay attorney's fees.[8] However, the bill of costs and judgment provide one amount for total costs, and the order to withdraw funds provides another, lesser amount. The difference between the cost amount in the judgment and the cost amount in the order to withdraw funds is not the amount of attorney's fees given in the bill of costs. That is, from the record before us, we cannot determine the amount of attorney's fees assessed against Appellant in the judgment and order to withdraw funds. We are therefore unable to modify the judgment and order to withdraw funds by deleting the attorney's fee assessment. We also note that Appellant has in this court generally challenged the costs assessed against him by the trial court but has not challenged a specific cost listed in the bill of costs other than attorney's fees. We decline to review the correctness of each court cost charged to Appellant when

---

[8] *Cates*, 402 S.W.3d at 251–52.

6

he has not done so.[9]  But as Appellant points out, article 103.008 of the code of criminal procedure allows him to seek such relief in the trial court up to a year after final disposition of the case.[10]

**Conclusion**

Accordingly, we affirm in part and reverse and remand in part.  Having found the evidence sufficient to support Appellant's conviction and sentence, we affirm the trial court's judgment as to Appellant's conviction and sentence.  But having found the evidence insufficient as to the award of attorney's fees against Appellant, we reverse the trial court's judgment and the order to withdraw funds solely as to the attorney's fees and other costs ordered.  We remand this case only so that the trial court may delete the attorney's fee assessment from the judgment and order to withdraw and may also, subject to Appellant's filing an article 103.008 motion in the trial court, correct any errors in the remaining costs, given Appellant's indigent status.[11]

---

[9] *See Crisp v. State*, 413 S.W.3d 224, 227 (Tex. App.—Fort Worth 2013, pet. ref'd).

[10] *See id.* at 227 n.2; Tex. Code Crim. Proc. Ann. art. 103.008 (West 2006).

[11] *See* Tex. Code Crim. Proc. Ann. art. 103.008; *Crisp*, 413 S.W.3d at 227 & n.2.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 14, 2015