

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00005-CR

STEVEN LEE MERRILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 15-23115

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Indicted for online solicitation of a minor in Coryell County,[1] Steven Lee Merrill pled guilty without the benefit of a plea agreement, was adjudged guilty, and was sentenced to seven years' confinement.

Merrill's court-appointed appellate counsel has filed a brief that outlines the procedural history of the case, provides a detailed summary of the evidence elicited during the course of the trial court proceedings, and states that counsel has found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel provided Merrill with copies of the brief, the appellate record, and the motion to withdraw. Counsel also informed Merrill of his right to review the record and file a pro se response. By letter dated April 4, 2017, this Court informed Merrill that his pro se response, if any, was due on or before May 4, 2017. Merrill did not file a pro se response and did not request an extension of time in which to file such a response.

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous, except for the adjustment of assessed costs of court as set out below. We have independently reviewed the entire appellate record, and we agree that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738.

There is, however, an assessed cost that must be struck from the trial court's judgment and its Exhibit A, the Order to Withdraw Funds from Merrill's Inmate Account.

As part of the total bill of costs, Merrill was assessed $100.00 for "Child Abuse Prevention." An assessment of court costs in that amount has been authorized in cases in which the defendant has been convicted of certain listed offenses. "A person convicted of an offense under Section 21.02, 21.11, 22.011(a)(2), 22.021(a)(1)(B), 43.25, 43.251, or 43.26, Penal Code, shall pay $100 on conviction of the offense." TEX. CODE CRIM. PROC. ANN. § 102.0186(a) (West Supp. 2016). But Merrill was convicted under a different statute than one of those listed above. *See* TEX. PENAL CODE ANN. § 33.021 (West 2016). Thus, that $100.00 assessment must be struck from the costs assessed against Merrill.

Two other costs assessed against Merrill appear to be irregular. Merrill was assessed for "Judicial Support Fee CR" in the amount of $4.00 and for "Jury Reimbursement Fee" in the amount of $6.00. Those appear to be switched, in that $6.00 is authorized for the judicial support fee in criminal cases and $4.00 is authorized for juror reimbursement. Since those appear to have been switched, the total costs assessed for the two items have not been increased, and Merrill has

3

not therefore been harmed, those errors do not call for any adjustment to the costs assessed in this case. *See Cook v. State*, No. 10-12-00204-CR, 2014 WL 1016242, at \*1–2 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication).

Having found it necessary to reduce the assessed costs by $100.00, we modify the trial court's judgment to reflect that the amount of court costs is not $354.00, but instead is the total of $254.00. *See* TEX. R. APP. P. 43.2(b). We also modify Exhibit A, the incorporated Order to Withdraw Funds from Merrill's Inmate Account to delete the assessment of $354.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $254.00. *See Ballinger v. State*, 405 S.W.3d 346, 350 (Tex. App.—Tyler 2013, no pet.); *Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).

We modify the judgment and its Exhibit A as set forth above and affirm the so-modified judgment of the trial court.[2] *See* TEX. R. APP. P. 43.2(b).

Josh R. Morriss III
Chief Justice

Date Submitted:     July 3, 2017
Date Decided:       July 21, 2017

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.