

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00065-CR

ISIAH THREADGILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 16F0533

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

While attending a family get together, Mary Jane,[1] who was ten or eleven years old at the time, fell asleep in a bedroom while watching a movie. When she awoke, she was being inappropriately touched by Isiah Threadgill, who then forcibly sexually assaulted her. Threadgill was subsequently convicted of aggravated sexual assault of a child[2] by a Bowie County jury and assessed a punishment of fifty years' imprisonment. The trial court imposed the punishment recommended by the jury and assessed Threadgill court costs of $624.00.

In his sole issue on appeal, Threadgill challenges the sufficiency of the evidence supporting the award of costs. Threadgill contends that the only certified bill of costs contained in the record simply lists the "Court Cost" as $624.00, with no itemization of the individual costs of court.[3] He argues that since Article 103.001 of the Texas Code of Criminal Procedure requires court costs to be itemized, the failure to itemize the costs renders a fair review of the actual costs charged impossible. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West 2018).

In response, the State points to an uncertified felony statement of costs also contained in the record. The State argues that this uncertified statement of costs provides sufficient evidence in support of the award of costs. However, the State concedes that the felony statement of costs only contains costs totaling $583.00 and that the clerk erroneously charged $34.00 for DNA testing that is only chargeable if the defendant received community supervision. *See* TEX. CODE CRIM.

---

[1]We will refer to the minor victim by a pseudonym. *See* TEX. R. APP. P. 9.10(a)(3).

[2]*See* TEX. PENAL CODE ANN. § 22.021(a)(B) (West Supp. 2017).

[3]In fact, this unsigned document purports to be a certified bill of costs, fees, and restitution, and is attached as an exhibit to the trial court's order to withdraw funds.

PROC. ANN. art. 102.020(a)(3) (West 2018). Therefore, the State asks us to modify the trial court's judgment to reflect an assessment of court costs of $549.00 and to affirm the judgment, as modified.

The sufficiency of the evidence supporting an assessment of court costs in a criminal case may be challenged on direct appeal. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). To determine the sufficiency of the evidence supporting an assessment of court costs, we review the record in the light most favorable to the assessment. *Whatley v. State*, No. 06-12-00117-CR, 2014 WL 7399130, at *1 (Tex. App.—Texarkana Dec. 30, 2014, no pet.) (mem. op., not designated for publication) (citing *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)). When a criminal action is appealed, the Texas Code of Criminal Procedure provides that "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2018). Further,

> (b)     . . . a cost is not payable by the person charged with the cost until a written bill containing the items of cost is:
>
> (1)     produced;
>
> (2)     signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost; and
>
> (3)     provided to the person charged with the cost.

TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West 2018); *see Ballinger v. State*, 405 S.W.3d 346, 348 (Tex. App.—Tyler 2013, no pet.). However, a certified bill of costs is not required to be filed either at the time the judgment is signed or before the case is appealed. *Whatley*, 2014

WL 7399130, at *1 (citing *Ballinger*, 405 S.W.3d at 348).  If a certified bill of costs has been omitted from the clerk's record, the record may be supplemented to supply the bill of costs.  TEX. R. APP. P. 34.5(c)(1); *see Johnson v. State*, 423 S.W.3d 385, 395–96 (Tex. Crim. App. 2014); *Ballinger*, 405 S.W.3d at 348.  In this situation, "supplementing the record to include the bill of costs is appropriate and does not violate due process." *Ballinger*, 405 S.W.3d at 349.

Since the clerk's record in this case did not originally include a certified, itemized bill of costs, we asked the Bowie County District Clerk to prepare and file a certified, itemized bill of costs. *See Whatley*, 2014 WL 7399130, at *2.  In response, we received a supplemental clerk's record containing a certified, itemized bill of costs.  The itemized bill of costs shows itemized charges for costs generally assessed against a defendant convicted of a felony offense in an amount totaling $234.00.  In addition, under a section entitled "ADDITIONAL FEES WHEN APPLICABLE," the bill of costs indicates charges for a jury fee in the amount of $40.00 and for DNA testing in the amount of $250.00.

While we agree with Threadgill that there is insufficient evidence to support the trial court's assessment of court costs in the amount of $634.00, the bill of costs contained in the supplemental clerk's record supports court costs in the amount of $524.00. We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source.  TEX. R APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  Because there is sufficient evidence to support an assessment of only $524.00 in court costs, we will modify the trial court's judgment by reducing the amount of court costs to $524.00.

4

We modify the trial court's judgment by reducing the amount of court costs to $524.00, and we affirm the trial court's judgment, as modified.

Bailey C. Moseley
Justice

Date Submitted:     September 25, 2018
Date Decided:      October 4, 2018

Do Not Publish

5