# NO. 12-19-00263-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN LAMONT YOUNG,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Juan Lamont Young appeals his conviction for delivery of a controlled substance. In a single issue, Appellant contends the imposition of certain court costs is not supported by the record. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with manufacture or delivery of a controlled substance in an amount of four grams or more but less than 200 grams.[1] In an open plea, Appellant pleaded "guilty," and the trial court ultimately sentenced him to forty years imprisonment. This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See **Armstrong v. State**,* 340 S.W .3d 759, 767 (Tex. Crim. App. 2011).

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017).

We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State,* 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State,* 403 S.W.3d 377, 382 (Tex. App.–Houston [1st Dist.] 2013), *aff'd,* 423 S.W.3d 396 (Tex. 2014). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong,* 340 S.W.3d at 767; *see also Johnson v. State,* 405 S.W.3d 350, 353 (Tex. App.—Tyler 2013, no pet.).

## Analysis

The judgment adjudicating guilt and assessing $294 in court costs also includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, and/or fines and/or restitution" in the amount of $294.

Appellant contends, and the State concedes, that the trial court's judgment and withholding order should be modified to reflect court costs in the amount of $289. We have reviewed the items in the bill of costs, and all listed costs and fees are authorized by statute. *See, e.g., Ireland v. State*, No. 03-14-00616-CR, 2015 WL 4914982, at *3 n.3 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (identifying statutory sources for assessment of fees in bill of costs). The bill of costs reflects that the $5.00 e-filing fee has been paid in full and lists a balance due of $289. Because some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $294 in court costs as reflected in its judgment adjudicating guilt and withholding order. *See Lack v. State*, No. 12-13-00052-CR, 2013 WL 3967698, at *1 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect costs actually owed); *see, e.g., Muller v. State,* No. 12–12–00269–CR, 2013 WL 3243522, at * 2–3 (Tex. App.—Tyler June 25, 2013, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect payment of properly assessed costs); *Johns v. State,* Nos. 07–10–0303–CR, 07–10–0304–CR, 2011 WL 832837, at *2 (Tex. App.—Amarillo Mar. 10, 2011, pet. ref'd) (mem. op., not designated publication) (modifying judgment to reflect that properly assessed costs were paid in full). The evidence is sufficient, however, to support the imposition of $289 in court costs. Accordingly, we sustain Appellant's sole issue on appeal.

## DISPOSITION

Having sustained Appellant's sole issue, we **modify** the trial court's judgment to reflect that the amount of court costs is $289.  *See* TEX. R. APP. P. 43.2(b).  We also modify Attachment A to delete the assessment of $294 and to state that the total amount of "[c]ourt costs, fees and/or fines and/or restitution" is $289.  *See **Ballinger v. State***, 405 S.W.3d 346, 350 (Tex. App.—Tyler 2013, no pet.).  We **affirm** the judgment of the trial court **as modified**.  *See* TEX. R. APP. P. 43.2(b).


<u>**GREG NEELEY**</u>
Justice


Opinion delivered December 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 31, 2019**

**NO. 12-19-00263-CR**

**JUAN LAMONT YOUNG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0455-18)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the amount of court costs is $289; and **modify** Attachment A to delete the assessment of $294 and to state that the total amount of "[c]ourt costs, fees and/or fines and/or restitution" is $289; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*